**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ACTIVISION TV, INC., | |
| *Plaintiff,* | Civil Action No. _____ |
| v. | |
| MGM RESORTS INTERNATIONAL, | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Activision TV, Inc., by way of this Complaint against Defendant MGM Resorts

International, hereby alleges as follows:

**THE PARTIES**

1.      Activision TV, Inc. is a corporation organized under the laws of Delaware with a

principal place of business at 5400 Yahl Street, Suite D, Naples, Florida  34109.

2.      On information and belief, MGM Resorts International is a corporation organized

under the laws of Delaware with a principal place of business at 3600 Las Vegas Boulevard, Las

Vegas, Nevada 89109.

**JURISDICTION AND VENUE**

3.      This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C § 1 *et seq*.

4.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C.

§§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant at least because Defendant  is a corporation organized under the laws of Delaware and has thereby purposefully availed itself of the benefits and protections of the laws of the State of Delaware.

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1400(b) and 1391.

**INFRINGEMENT OF U.S. PATENT NOS. 7,369,058 AND 8,330,613**

7.      Plaintiff re-alleges and incorporates herein by reference the allegations in paragraphs 1 through 6.

8.      On May 6, 2008, United States Patent No. 7,369,058, titled "REMOTE CONTROL ELECTRONIC DISPLAY SYSTEM," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '058 Patent is attached as Exhibit A to this Complaint.

9.      On December 11, 2012, United States Patent No. 8,330,613 (collectively with the '058 Patent, the "Activision Patents"), titled "REMOTE CONTROL ELECTRONIC DISPLAY SYSTEM," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '613 Patent is attached as Exhibit B to this Complaint.

10.     Plaintiff is the assignee and owner of all right, title, and interest in and to the Activision Patents, and has the right to assert causes of action arising under the Activision Patents and the right to any remedies for infringement thereof.

11.     On information and belief, Defendant owns properties including the Aria Hotel and Casino and the Borgata Casino Resort and Spa.

12.     Defendant is and has been directly infringing one or more claims of each of the Activision Patents in the United States by using digital signage including at least Table Gaming,

Wayfinding, and Digital Menu Board signage in the Aria Hotel and Casino and the Borgata Casino Resort and Spa in violation of 35 U.S.C. § 271.

13.     Because of Defendant's infringement of the Activision Patents, Plaintiff has suffered damages and will continue to suffer damages in the future.

14.     Plaintiff has suffered irreparable injury due to the acts of infringement by Defendant and will continue to suffer irreparable injury unless Defendant's infringing activities are enjoined.

15.     Defendant has had notice of its infringement of the Activision Patents at least since March 18, 2013, when Defendant was notified of its infringement in a letter sent by certified mail.

16.     On information and belief, Defendant has continued to infringe despite its knowledge of the Activision Patents and Plaintiff's notice of infringement.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment for itself and against Defendant as follows:

A.     an adjudication that Defendant has infringed one or more claims of each of the Activision Patents;

B.     permanently enjoining and restraining Defendant, its agents, affiliates, subsidiaries, servants, employees, officers, directors, attorneys, and those persons in active concert with or controlled by Defendant from further infringing the Activision Patents;

C.      an award of damages to be paid by Defendant adequate to compensate Plaintiff

for its past infringement of the Activision Patents and any continuing or future infringement of

the Activision Patents through the date such judgment is entered, together with pre-judgment and

post-judgment interest, costs, and expenses as justified under 35 U.S.C. § 284;

D.      to the extent that Defendant's conduct with respect to the Activision Patents is

found to be objectively reckless, enhanced damages pursuant to 35 U.S.C. § 284 for willful

infringement of the Activision Patents;

E.      an accounting of all infringing acts including, but not limited to, those acts not

presented at trial and an award for Plaintiff's damages for any such acts;

F.      a declaration that this case is exceptional under 35 U.S.C. § 285, and an award of

Plaintiff's reasonable attorneys' fees; and,

G.      such other and further relief at law or in equity as the Court deems just and

proper.

Dated:  August 30, 2013

                                    STAMOULIS & WEINBLATT LLC

                                    */s/ Richard C. Weinblatt*
                                    Richard C. Weinblatt #5080
                                            weinblatt@swdelaw.com
                                    Stamatios Stamoulis #4606
                                            stamoulis@swdelaw.com
                                    Two Fox Point Centre
                                    6 Denny Road, Suite 307
                                    Wilmington, DE  19809
                                    Telephone: (302) 999-1540

                                    **Attorneys for Plaintiff**
                                    **ACTIVISION TV, INC.**